**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Jesus Omar Sarabia Urrea,

Petitioner

v.

John Mattos, et al.,

Respondents

Case No.: 2:26-cv-01744-JAD-BNW

**Order Granting Habeas Petition and Ordering Petitioner's Release**

[ECF No. 16]

Jesus Omar Sarabia Urrea is a Mexican citizen[1] who came to the United States and was ordered removed on January 11, 2007. The parties dispute whether the government effectuated his removal or he's remained in the United States since his arrival.[2] Regardless, the government reinstated his removal order on May 6, 2026, after Immigration and Customs Enforcement (ICE) agents arrested him. He is currently detained at the Nevada Southern Detention Center (NSDC) in Pahrump, Nevada, awaiting his removal. Urrea seeks a writ of habeas corpus, contending that his detention is unlawful under *Zadvydas v. Davis*[3] and the government failed to follow its own regulations when it arrested him and reinstated his removal order. Because there is no indication that Urrea's removal is reasonably foreseeable, I grant his petition and order his release.

## Background

Petitioner Jesus Omar Sarabia Urrea was born in Mexico and entered the United States in 2007.[4] Urrea states that he's lived in the United States since then, raising his children and

---

[1] The government states that Urrea is from the Dominican Republic, *see* ECF No. 19 at 2, but his paperwork confirms that he is a Mexican citizen. *See* ECF No. 19-1.

[2] ECF No. 16 at 2; ECF No. 19-1 at 4 (Urrea's reinstatement of prior removal order that says he was removed on March 19, 2007).

[3] *Zadvydas v. Davis*, 533 U.S. 678 (2001).

[4] ECF No. 16 at 4; *see* ECF No. 19-1 at 4.

grandchildren in Las Vegas and working as a window cleaner at local casinos.[5] The government filed a reinstatement of Urrea's prior removal order, which says that he was ordered removed on January 11, 2007, removed on March 19, 2007, and later reentered the United States on an unknown date.[6] On May 6, 2026, ICE executed a warrant of removal, arrested Urrea, and detained him at NSDC.[7]

A month after Urrea's arrest, an immigration judge (IJ) found that he did not have a reasonable fear of reentering Mexico, declined to begin withholding-only proceedings, and ordered him removed.[8] Urrea appealed to the Ninth Circuit, which entered a temporary stay of removal on July 20, 2026.[9] He remains detained at NSDC.

## Discussion

### A. This court has habeas jurisdiction over Urrea's claims.

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[10] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under the United States' immigration laws.[11] I have repeatedly rejected the

---

[5] ECF No. 16 at 4.

[6] ECF No. 19-1 at 4–6 (reinstatement of removal order and January 11, 2007, immigration-court removal order).

[7] *Id.* at 2–3; ECF No. 16 at 4.

[8] ECF No. 19-1 at 7–12.

[9] ECF No. 19 at 2.

[10] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art 1, § 9, cl. 2).

[11] *Zadvydas*, 533 U.S. at 687; *Demore v. Kim*, 538 U.S. 510, 517 (2003).

respondents' arguments, raised again here, that this court does not have jurisdiction to resolve *Zadvydas* claims under 8 U.S.C. §§ 1252(g) or 1252(b)(9), so I do not repeat that analysis.

**B. Urrea has shown that he is entitled to relief on his prolonged-detention claim.**

***1. The government has authority to detain noncitizens after they have been ordered removed.***

The Immigration and Nationality Act (INA) and its implementing regulations establish a complex set of rules governing the government's authority to arrest, detain, order removed, and deport noncitizens. 8 U.S.C. § 1231(a) governs the detention of noncitizens who have been ordered removed. It establishes a 90-day "removal period" that begins on "(i) the date the order of removal becomes administratively final, (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order," or (iii) the date the noncitizen is released from non-immigration detention.[12] During that 90-day period, detention is mandatory.[13] The statute gives the government the ability to detain a noncitizen beyond that 90-day removal period under § 1231(a)(6) if he is inadmissible; removable "as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy,"[14] or has been determined "to be a risk to the community or unlikely to comply with the order of removal."[15] If those conditions aren't met, the government may release the noncitizen "subject to certain terms of supervision."[16]

---

[12] 8 U.S.C. § 1231(a)(1)(B).

[13] 8 U.S.C. § 1231(a)(2)(A).

[14] *Zadvydas*, 533 U.S. at 682.

[15] 8 U.S.C. § 1231(a)(6).

[16] *Zadvydas*, 533 U.S. at 682 (quoting 8 U.S.C. § 1231(a)(6)) (cleaned up).

### *2. The Supreme Court has limited the government's statutory authority to indefinitely detain noncitizens awaiting removal.*

Section 1231(a)(6) contains no limit on the length of time that a noncitizen may be held after his removal order becomes final. But in *Zadvydas v. Davis*, the United States Supreme Court rejected the government's contention that noncitizens can be held indefinitely under § 1231(a)(6) because that interpretation "would raise a serious constitutional problem" under the Fifth Amendment's due-process clause.[17] To avoid those constitutional concerns, the High Court interpreted the statute to permit continued detention only if a noncitizen's removal is "reasonably foreseeable."[18] It determined that six months of post-removal-order detention is presumptively reasonable.[19] But after six months, the noncitizen must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" to show that his prolonged detention exceeds the government's statutory authority and that he should be released from ICE custody.[20] If the noncitizen meets that burden, "the government must respond with evidence sufficient to rebut that showing."[21] And as "the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."[22]

---

[17] *Id.* at 690.

[18] *Id.* at 699.

[19] *Id.* at 701.

[20] *Id.*

[21] *Id.*

[22] *Id.* (cleaned up).

### *3. Urrea's detention is not presumptively reasonable because the government has shown no indication that it is trying to remove him.*

The parties agree that the *Zadvydas* burden-shifting framework triggers at six months,[23] but the government argues that Urrea's removal period hasn't started because the Ninth Circuit stayed his removal.[24] But Urrea is not challenging the final removal order itself, nor could he. The reinstatement of a prior removal order is not subject to review.[25] Instead, he appeals the IJ's reasonable-fear determination, so his "reinstated removal order remains administratively final, [and] he is detained [under] section 1231(a)."[26] Urrea has now been detained for more than six months under his prior removal order.[27] So I find that he has been detained for longer than the presumptively reasonable period of detention established by *Zadvydas*.

Urrea thus bears the initial burden of showing that there are "good reasons to believe that there is no significant likelihood of removal in the reasonably foreseeable future."[28] To meet his burden, Urrea submits that he has been living continuously in the United States for nearly 20 years without the government being able to execute a removal order.[29] And now, with a pending appeal, he has been detained since May 2026 with no timeline for an end to his

[23] *Id.*

[24] *See* ECF No. 19 at 10.

[25] 8 U.S.C. § 1231(a)(5).

[26] *Padilla-Ramirez v. Bible*, 882 F.3d 826, 832 (9th Cir. 2017); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) ("[Section] 1231, not § 1226, governs the detention of [noncitizens] subject to reinstated orders of removal, meaning those [individuals] are not entitled to a bond hearing while they pursue withholding of removal.").

[27] ECF No. 16 at 4; ECF No. 19-1 at 2–4; ECF No. 20 at 2–4.

[28] *Zadvydas*, 533 U.S. at 701.

[29] ECF No. 16 at 8.

proceedings.[30] He alleges that these proceedings are continuous and indeterminate with no guarantee of an expedited resolution.[31] I find these representations sufficient to show that it is unlikely that Urrea will be removed in the reasonably foreseeable future.

The government fails to meet its shifted burden to "respond with evidence"[32] rebutting Urrea's showing. The government responds only that, because the Ninth Circuit issued a stay of removal, his removal period hasn't begun and he can be continuously detained.[33] The government's lack of particularized evidence does not satisfy its burden to show that there is a significant likelihood that Urrea will be removed in the reasonably foreseeable future. So Urrea's habeas petition on this ground is granted, and I prohibit the federal respondents from re-detaining him absent proof of changed circumstances demonstrating that his removal to Mexico or any country designated by the Ninth Circuit in Urrea's reasonable-fear proceedings is significantly likely to occur in the reasonably foreseeable future. And because his continued release is warranted based on this showing alone, I do not address Urrea's alternative bases for relief.[34]

## Conclusion

IT IS THEREFORE ORDERED that petitioner Jesus Omar Sarabia Urrea's petition for a writ of habeas corpus under 28 U.S.C. § 2241 **[ECF No. 16] is GRANTED. Petitioner Jesus**

---

[30] *Id.*

[31] *Id.*

[32] *Zadvydas*, 533 U.S. at 701.

[33] ECF No. 19 at 9–10.

[34] *Zadvydas*, 533 U.S. at 699–700 (noting that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute" and holding that, "[i]n that case, of course, the [noncitizen's] release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances").

**Omar Sarabia Urrea must be released from detention subject to reasonable conditions of supervision. Imposition of those conditions must not impede Urrea's timely release.**

IT IS FURTHER ORDERED that respondents must file and serve on defense counsel:

(1) notice of the date, time, and location of Urrea's release at least 24 hours before the release is set to occur, and

(2) within four days of this order, notice that Urrea's release was effectuated.

IT IS FURTHER ORDERED that **the federal respondents are enjoined from re-detaining Jesus Omar Sarabia Urrea absent proof that his removal to a specific country is reasonably foreseeable.**

IT IS FURTHER ORDERED that counsel for respondents is directed to immediately provide notice of this order to the restrained parties they represent.

**The Clerk of Court is directed to CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
November 10, 2026